Parker C. J.,
in giving the opinion of the Court, said that after the conveyance from Higgins to Doane, the seisin of the land, as between them, was in Doane. If the deed was fraudulent, it was void only as against a creditor of Higgins. The town of Orleans was not a creditor. On the death of Higgins, the land was treated by his children and by Doane just as if Higgins had died seised, and Doane gave releases, without consideration, to the children of Higgins, excepting the pauper. Why he omitted to give one to her, does not appear ; but this seems to be unimportant, she hav ing enjoyed the rents and profits in the same manner as if the estate had descended to her. Instead of a deed he gave her a bond. This bond is lost, and its contents cannot be ascertained. The best account of it is from the pauper herself, that it was for the purpose of securing to her the seventh part of the land ; and her testimony is corroborated by an allusion to the bond in the subsequent one of 1814. Doane there undertakes to convey to Freeman Hayden, at the decease of Priscilla, the land which was set off to Priscilla. The presumption is violent, that the bond to Priscilla was of the same nature as the one to her son. The question then is, whether an estate of' a cestui que trust, is such an estate as the statute requires. The statute does not say whether it shall be the legal estate or not, but only that it shall be an estate of freehold or inheritance ; and these terms will include a trust estate of freehold or inheritance. It is true that this is an arbitrary provision of the legislature, and, as was said in the argument, there is no harm in giving it a strict construction ; and, this is giving it a strict construction. The pauper had ,a right to the rents and profits, and it is within the intention of the statute, that the town enjoying the taxes on the land for a certain length of time, should bear the burden of supporting the owner if she afterwards needs their assistance.
Plaintiffs nonsuit.